Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislagrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant DIVERSIFIED ADJUSTMENT SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK WATTS,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; DIVERSIFIED ADJUSTMENT SERVICE, INC. and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 5:15-cv-04622 BLF<br><br>**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>DATE:        May 26, 2016<br>TIME:        9:00 A.M.<br>CRTRM:    3 - 5TH FLOOR<br>BEFORE HON. BETH L. FREEMAN |

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION ..................................................................................................................... 1
REQUEST FOR RELIEF ................................................................................................................. 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1
I    INTRODUCTION ................................................................................................................ 1
II.    ALLEGATIONS IN THE COMPLAINT ........................................................................... 3
III.    LEGAL STANDARD FOR A MOTION TO DISMISS, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)6. .................................................................. 5
IV.    DISCUSSION ....................................................................................................................... 6
    A.    Plaintiff Has Failed To Allege That The Debt Was Actually Subject To And Discharged In His Bankruptcy. ....................................................................................... 6
    B.    Alternatively, Plaintiff Has Failed To Allege Sufficient Facts To Support His Claim For Violation Of The Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). ............ 7
    C.    Alternatively, Plaintiff Has Failed To Allege Sufficient Facts To Support His Claim For Violation Of The California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a). ........................................................................................... 9
    D.    Plaintiff Has Failed To Allege Facts Sufficient To Support His Claim For Violation Of The California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. .......... 10
    E.    Plaintiff Has Failed To Allege Facts That Would Entitle Him To Punitive Damages ... 13
    F.    Plaintiff Is Not Entitled To Civil Penalties Pursuant To California Business & Professions Code § 17206 ............................................................................................. 14
V.    CONCLUSION ................................................................................................................... 15

DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT


# TABLE OF AUTHORITIES

**PAGE**

### Cases

*Ali v. Long Beach Acceptance Corp.*, 2007 WL 3335015, at *4 (E.D. Cal. 2007)..........7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................. 1, 2, 3, 5, 6, 7, 8, 10, 14

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) ..........5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................... 1, 5, 6, 8

*Bottoni v. Sallie Mae*, 2011 WL 506473 (N.D. Cal. 2011) ..........12

*Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223 (2006) ..........3, 12

*Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163 (1999) ..........13

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ..........5

*Cortez v. Purolater Air Filtration Prod. Co.*, 23 Cal.4th 163 (2000) ..........12

*Davis v. Md. Bank, N.A.*, 2002 WL 32713429 (N.D. Cal. June 18, 2002) ..........8

*Flannery v. VW Credit, Inc.* 232 Cal.App.4th 606 (2014) ..........14, 15

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) ..........7, 10, 11

*Guarantee Real Estate v. Hanover Ins. Co.*, 2014 WL 5817536 (E.D. Cal. 2014) ..........13, 15

*Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139 (N.D. Cal. 2005) ..........10, 11

*Kasky v. Nike, Inc.*, 27 Cal.4th 939 (2002) ..........3, 14, 15

*Littleton v. Experian Info. Solutions, Inc.*, 2015 WL 4638308 (N.D. Cal. 2015) ..........8, 9

*Miller v. Bank of America, Nat. Ass'n*, 858 F.Supp.2d 1118 (S.D.Cal. 2012) ..........3, 10

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ..........5

*Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970 (E.D. Cal. 2012) ..........7

*Roybal v. Equifax, et al.*, 405 F.Supp.2d 1177 (E.D. Cal. 2005) ..........7, 11, 12

*Sheridan v. FIA Card Servs., N.A.*, 2014 WL 587739 (N.D. Cal. 2014) ..........8

*Wang v. Asset Acceptance, LLC* 681 F.Supp.2d 1143 (N.D. Cal. 2010) ..........11

### Statutes

11 U.S.C. § 101(5)(A)..........6

11 U.S.C. §101(12) ..........6

15 U.S.C. § 1681s-2(a)(1)(A) ..........11

15 U.S.C. § 1681s-2(b) ..........11

15 U.S.C. § 1681t(b)(1)(F) ..........10, 11

15 U.S.C. § 1681t(b)(1)(F)(i) ..........11

15 U.S.C. § 1681t(b)(1)(F)(ii) ..........10, 11

DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Business & Professions Code § 17204 .................................................................................. 3, 12
Business & Professions Code § 17206(a) ............................................................................. 14, 15
Civil Code § 1785.31(a)(2)(A)-(B) ............................................................................................ 13

## NOTICE OF MOTION

TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on May 26, 2016 at 9:00 a.m., in Courtroom 3, 5th Floor, in the above entitled Court located at 280 South First Street, San Jose, California, Defendant Diversified Adjustment Service, Inc. will, and hereby does, move this Court for an order dismissing each and every claim or cause of action pled in Plaintiff Jack Watt's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Diversified Adjustment Service, Inc. and the alleged statutory violations of the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act and California Unfair Competition Law and prayer for punitive damages and civil penalties are not sufficiently supported by any factual allegations.

## REQUEST FOR RELIEF

Defendant Diversified Adjustment Service, Inc. ("DAS") hereby requests that this Court dismiss Plaintiff Jack Watt's Complaint against it, and each and every claim therein, with prejudice, as the Complaint fails to state a viable claim against DAS.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Diversified Adjustment Service, Inc. (hereinafter "Defendant" or "DAS"), requests that this Court dismiss Plaintiff Jack Watts' (hereinafter "Plaintiff") Complaint and each and every claim therein, as the Complaint fails to state a viable claim against Defendant.

Defendant requests dismissal of Plaintiff's Complaint as each and every claim for relief is pled as bare legal conclusions, devoid of any supporting (and necessary) factual allegations. Each claim fails to meet the pleading requirements established by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), as well as *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-556 (2007), and are subject to dismissal pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

*First*, Plaintiff's primary allegation appears to be that Defendant should be reporting the debt as

"discharged in Bankruptcy" rather than "open" and/or "in collections" and/or "charged off". This allegation presupposes that the debt Defendant is reporting was subject to Plaintiff's Bankruptcy Discharge. Plaintiff makes no allegation in his Complaint that the debt reported in the subject tradeline was a dischargeable debt.

Moreover, as Plaintiff's own bankruptcy filings admit, Plaintiff owed $0.00 on Defendant's account at the time he filed for Bankruptcy. But, Plaintiff's Discharge Order only discharged debts that existed at the time of filing. (Request for Judicial Notice ("RJN No. 2"). Because Defendant did not hold any right to payment at the time he filed for Bankruptcy, the tradeline being reported was not subject to the Discharge as it was not considered a "debt" pursuant to the Bankruptcy Code.

***Second***, Plaintiff has failed to allege facts to support his claim that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Plaintiff's assertion that Defendant violated the FCRA by failing to conduct a reasonable investigation and re-reporting a "*misleading* and *inaccurate* account status, and or listed the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy" (Complaint ¶9) does not constitute well-pled allegations. Plaintiff has cited no plausible facts or evidence to support his conclusions that notice was given to Defendant by the credit reporting agencies, a reasonable investigation did not occur, that inaccurate information was re-reported, or that the debt should have been reported as discharged in bankruptcy.

Further, Plaintiff does not identify what was reported by Defendant, how that information was misleading or inaccurate, what information he provided to any credit reporting agency ("CRA") when disputing the information furnished by the defendants, what information about the dispute was passed on to any defendant by the CRAs, and what information any specific defendant continued to furnish to the CRAs that was inaccurate or misleading. Plaintiff merely claims to have obtained two "three bureau" credit reports with inaccurate information that the debt was reported as either "open", "in collections" or "charged off". This is not sufficient. This blanket accusation is simply a "naked conclusory devoid of further factual enhancement," and cannot stand as a violation to 15 U.S.C. § 1681s-2(b). *Iqbal, supra,* 556 U.S. at 678.

***Third***, Plaintiff has failed to allege facts that would support a claim for a violation of the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a) ("CCRAA"). Plaintiff

again, almost verbatim, asserts that Defendant intentionally and knowingly reported a misleading and or inaccurate account status, and or listed the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy. (Complaint ¶26). Plaintiff concludes the credit reporting agencies provided notice of any dispute, or that a reasonable investigation was not conducted. These statements lack sufficient detail and factual evidence that they do not permit this Court, or Defendant, to infer more than "the mere possibility of misconduct." *Iqbal, supra,* 556 U.S. at 678-679.

Further, Plaintiff is of the opinion, devoid of evidence, that all of information reported was false and misleading, and that Defendant did this, knowingly, intentionally, and in reckless disregard for Plaintiff's rights. (Complaint ¶30). Again, Plaintiff fails to describe what was reported wrong, why it was wrong, and when such a report was made. He simply alleges his assumptions by reciting the elements of the claim.

**Fourth**, Plaintiff has failed to provide any evidence or actual facts to support his claim that Defendant violated the Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* He has failed to present any facts that would support a violation, and he lacks standing to bring such a claim. *See* Cal. Bus. & Prof. Code § 17204; *see also Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 227 (2006). Furthermore, such cause of action is preempted by the FCRA. *See Miller v. Bank of America, Nat. Ass'n.,* 858 F.Supp.2d 1118, 1124 (S.D.Cal. 2012).

**Fifth**, Plaintiff has failed to plead any willful violations of the FCRA or CCRAA, other than pleading bare legal conclusions, which would entitle him to punitive damages under 15 U.S.C. § 1681n or California Civil Code § 1785.31.

**Sixth**, Plaintiff, as a private plaintiff, is not entitled to an award of civil penalties pursuant to California Business & Professions Code § 17206. *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 950 (2002) ["In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'"].

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges three causes of action against Defendant for (1) violation of the federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s-2(b); (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA") Civil Code § 1785.25(a); and, (3) violation of California's

Unfair Competition Law ("UCL") Business & Professions Code § 17200 *et seq.*

The factual allegations to support these claims are nominal and most of the allegations are merely bald, legal conclusions and recitations of the statutory prohibitions. These are not "facts" and have not been properly pled as facts.

The only, even ostensible "facts" contained in the Complaint are in paragraphs 5- 9, 12-13, 23, 26[1] yet they are still insufficient in detail, and are based on Plaintiff's beliefs and assumptions. The alleged "facts" are not specific. They fail to support a claim for violations, as asserted against DAS, for the FCRA, the CCRAA, or UCL. The allegations as pled also fail to support his purported entitled to punitive damages and civil penalties under California Business & Professions Code § 17206. Plaintiff alleges:

- Plaintiff filed for Chapter 7 bankruptcy protection on April 1st, 2014 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 7 bankruptcy was discharged on July 14th, 2014. (Complaint ¶ 5.)

- On June 8th, 2015, Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting and noticed a misleading and or inaccurate account status, and or listing of the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy. (Complaint ¶6.)

- In response [sic] Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. (Complaint ¶7.)

- Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them. (Complaint ¶8.)

- Defendant Diversified Adjustment Services, Inc. failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc. and TransUnion, LLC a *misleading* and *inaccurate* account status, and or listed the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy. (Complaint ¶9.)

- On August 13, 2015, Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting. (Complaint ¶12.)

- Plaintiff's account was in dispute but the furnisher; Experian Information Solutions, Inc. and TransUnion, LLC failed to correct the misleading ad or inaccurate statements

---

[1] Absent from Plaintiff's Complaint are paragraphs 33-57.

DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

on the account within the statutory time frame or at all. (Complaint ¶13.)

- Defendant Diversified Adjustment Services, Inc. violated section 1681-s by failing to conduct a reasonable investigation and re-reporting the misleading and or inaccurate account status, and or listed the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy. Defendants Experian Information Solutions, Inc. and TransUnion, LLC provided notice to the defendants [sic] that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA. (Complaint ¶23.)

- Defendant Diversified Adjustment Services, Inc. intentionally and knowingly reported a misleading and or inaccurate account status, and or listed the accounts as open, in collections, and or charged offer rather than discharged in Bankruptcy to Experian Information Solutions, Inc. and TransUnion, LLC. Plaintiff alleges that Creditors re-reported a misleading and or inaccurate account status, and or listed the accounts as open, in collection, and or charged off rather than discharged in Bankruptcy to Experian Information Solutions, Inc. and TransUnion, LLC in violation of California Civil Code § 1785.25(a). (Complaint ¶26.)

### III. LEGAL STANDARD FOR A MOTION TO DISMISS, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)6.

A motion to dismiss under Federal Rules of Civil Procedure 12b(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of Rule 12b(6), "claim" means a set of facts that, if established, entitle the pleader to relief. *Twombly, supra*, 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal, supra*, 556 U.S. at 678 (citations omitted).

When evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). The court is not required, however, to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a

cause of action will not do.'" *Iqbal, supra*, 556 U.S. at 678.

*Iqbal* and *Twombly* contemplate a two-step analysis to determine whether a complaint has been pled sufficiently to overcome a motion to dismiss. First, bare legal conclusions are not accepted as true for purposes of the complaint's sufficiency. *Iqbal, supra*, 556 U.S. at 678-679 (citing *Twombly, supra*, 550 U.S. at 555). Second, the court reviews the factual allegations to determine if they plausibly suggest entitlement to relief. *Iqbal, supra*, 556 U.S. at 678-81 (analyzing *Twombly*). As noted by the Supreme Court in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'

*Id.* at 678 (citations omitted).

Thus, to satisfy the pleading standards articulated in *Iqbal* and *Twombly*, Plaintiff's factual allegations must sufficiently state a claim for relief for his alleged violation of the FCRA, CCRAA, and UCL. Plaintiff must also allege sufficient facts that would entitle him to an award of punitive damages (15 U.S.C. § 1692n and Cal. Civil Code § 1785.31) or civil penalties (Cal. Bus. & Prof. Code § 17206). *Iqbal, supra*, 556 U.S. at 678. As discussed herein, Plaintiff has not met this burden.

### IV. DISCUSSION

#### A. Plaintiff Has Failed To Allege That The Debt Was Actually Subject To And Discharged In His Bankruptcy.

Plaintiff's Complaint hinges on the allegation that Defendant misleading and/or inaccurately reported the account status, and or listed the account as open, in collections, and or charged off <u>rather than discharged in Bankruptcy</u>. (Complaint ¶¶ 9, 23, 26.) But, Plaintiff's Complaint is missing a key allegation – *to wit* – the tradeline (debt) that Defendant is reporting was actually subject to and discharged in Plaintiff's Bankruptcy.

The Bankruptcy Code defines "debt" as a liability on a claim. 11 U.S.C. §101(12). A claim is defined as a "right to payment". 11 U.S.C. § 101(5)(A). Pursuant to Plaintiff's discharge order, his debts were discharged <u>"if the debt existed on the date the bankruptcy case was filed."</u> (RJN, No. 2.)

- 6 -

But, as shown in Plaintiff's Voluntary Petition, Schedule F, Defendant was owed $0.00 at the time Plaintiff filed his bankruptcy. (RJN No. 1.) Accordingly, Defendant was not owed a "debt" that existed on the date Plaintiff filed his Bankruptcy. Defendant, as Plaintiff's Schedule F admits, had no right to any payments, i.e. a claim, from Plaintiff.

Thus, the tradeline Defendant was reporting should not be reported as "discharged in Bankruptcy" as Plaintiff alleges. (Complaint ¶¶ 9, 23, 26.) Consequently, Plaintiff's Complaint, and each cause of action stated therein, must fail as it is based on Defendant's alleged failure to report the debt as discharged. Again, the debt being reported by Defendant was not subject to Plaintiff's Bankruptcy or his Discharge; rather it was paid by Plaintiff years before he filed for Bankruptcy as shown in Plaintiff's Schedule F.

**B.     Alternatively, Plaintiff Has Failed To Allege Sufficient Facts To Support His Claim For Violation Of The Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).**

As a "First Cause Of Action," Plaintiff alleges that Defendant violated 15 U.S.C. § 1681s-2(b). To state a cause of action under section 1681s-2(b), a plaintiff must allege, with sufficient detail: (1) the nature of the credit report inaccuracy; (2) that they disputed the credit report item with a credit report agency; (3) that the information provider received notice from the credit report agency of the dispute; and (4) that the information provider then failed to fulfill one or more of the duties listed in Section 1681s-2(b). *Ali v. Long Beach Acceptance Corp.*, 2007 WL 3335015, at *4 (E.D. Cal. 2007).

Because a furnisher's duty to investigate a disputed claim <u>only</u> arises if the credit reporting agency provides it with notice of the dispute, the complaint must specifically allege that the consumer notified the agency, who in turn, <u>notified the furnisher</u>. *Roybal v. Equifax, et al.*, 405 F.Supp.2d 1177, 1179-1180 (E.D. Cal. 2005). Vague or conclusory allegations are insufficient to state a claim. *See, e.g., Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *3-4 (E.D. Cal. 2012) ["Plaintiff's complaint only provides conclusory statements that Defendant violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without a permissible purpose. Plaintiff has not provided a factual basis to support his claim...Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim."]; *see also Iqbal, supra,* 556 U.S. at 662 [court may ignore conclusory allegations in evaluating motion to

dismiss].

"[T]he FCRA imposes some duties on the sources that provide credit information to [credit reporting agencies], called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). These duties are only triggered following <u>actual notice</u> of the dispute from the credit reporting agencies. *Id.* at 1153 ["these duties arise only after the furnisher received notice of dispute from a CRA; notice of dispute received directly from the consumer does not trigger furnisher's duties under subsection (b)"].

In this case, Plaintiff's allegations do not satisfy the pleading requirements for his FCRA claim. (*See* Complaint ¶¶ 5-9, 12-13, 23). Plaintiff seems to allege, *on information and belief*, that Defendant received notice, directly from the credit reporting agencies, of his dispute. (Complaint ¶8). Plaintiff's allegation is precisely the kind of "'naked assertion[]' devoid of 'further factual enhancement'" that the Supreme Court has held "disentitles them to the presumption of truth." *Iqbal, supra*, 556 U.S. at 678, 681 (quoting *Twombly, supra*, 550 U.S. at 557). Indeed, he has failed to identify what actual false, inaccurate or misleading information Defendant was furnishing in the first place to trigger his dispute, he has failed to allege what he stated in his dispute, and failed to allege what information was passed from the credit reporting agency to Defendant about the dispute.

Plaintiff's Complaint should be dismissed. *See, e.g., Sheridan v. FIA Card Servs., N.A.*, 2014 WL 587739 (N.D. Cal. 2014) [granting summary judgment when there was no evidence that furnisher ever received notice of the dispute from a credit reporting agency in case handled by same attorneys representing Plaintiff in this action]; *see also*, e.g., *Davis v. Md. Bank, N.A.*, 2002 WL 32713429 (N.D. Cal. 2002) [the Court finds that because there is no triable issue of fact that MBNA received notice from a credit reporting agency, Plaintiff's claim against MBNA under the Fair Credit Reporting Act fails as a matter of law."].

Plaintiff's Complaint fails to include the most basic details of what allegedly incorrect information appeared on his credit report. *See, e.g., Littleton v. Experian Info. Solutions, Inc.*, 2015 WL 4638308, at *2 (N.D. Cal. 2015). Plaintiff broadly states that Defendant reported "misleading and or inaccurate account status, and or listed the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy." (Complaint ¶9). But, Plaintiff fails to allege the specifics of what

- 8 -

was reported and why it was misleading and/or inaccurate to report the debt as "open" or "in collections" or "charged off". Moreover, Plaintiff cannot determine from this allegation what it actually did wrong. Did Defendant allegedly violate the FCRA because the account is being reported as "open"? Or is it because it is being reported as "in collections"? Or, Plaintiff's third option, because Defendant is reporting it as "charged off". As shown above, the tradeline apparently at issue was not subject to Plaintiff's Discharge.

Accordingly, Plaintiff's first cause of action does not state facts sufficient to state a cause of action against Defendant for violations of the FCRA and it should be dismissed pursuant to Rule 12(b)(6). "Plaintiff's Complaint suffers from defects most often seen when an unspecific form complaint is not modified to fit the facts of a particular case. Plaintiff must provide better tailored allegations for this case to proceed, at least in federal court." *Littleton, supra*, 2015 WL 4638308 at 2 [near identical complaint to Plaintiff's filed by the same firm for which a motion to dismiss was granted].

C.  **Alternatively, Plaintiff Has Failed To Allege Sufficient Facts To Support His Claim For Violation Of The California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a).**

California Civil Code Section 1785.25(a) states: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

As with Plaintiff's claim under the FCRA, Plaintiff has also failed to allege necessary facts to support his claim under the CCRAA. Plaintiff has not specifically identified what information Defendant furnished that was incomplete or inaccurate. Plaintiff has not pled facts that, if accepted as true, would demonstrate that Defendant knew or should have known the information it was furnishing was incomplete or inaccurate. Again, Defendant does not know whether Plaintiff is alleging that the account is reported as "open" or "in collections" or "charged-off".

Additionally, Plaintiff alleges that his creditors "had reason to know that the information reported on Plaintiff's accounts were misleading and or inaccurate." (*Id.* at ¶27.) Plaintiff (again) does not allege how Plaintiff was supposed to know the reporting was inaccurate or misleading, why the reporting was inaccurate or misleading, except to vaguely assert that Defendant reported an

- 9 -

"misleading and or inaccurate account status, and or listed the accounts as open, in collection, and or charged off rather than discharged in Bankruptcy. (*Id.* at ¶26.) What specifically did Defendant do? Plaintiff has given Defendant various options of what Defendant's conduct could have been (and or listed the account as open... and or charged off) but has not identified one concrete piece of information that is allegedly incorrect.

Similarly, Plaintiff baldly claims that "the bankruptcy notices, disputes [sic] letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading an or inaccurate reporting." (Complaint ¶28.) Plaintiff does not allege that Defendant received notice of his bankruptcy (or how or when it received such notice). Plaintiff does not allege when or how Defendant received a dispute letter from any credit reporting agency does not allege that Defendant reviewed or was provided a copy of the "consumer data industry resource guide" or how that guide could have conceivably put Defendant on notice that any information was inaccurate or misleading.

In sum, Plaintiff has not pled any facts sufficient to support his claim that Defendant violated the CCRAA. Plaintiff's Complaint contains no more than "naked assertions" that defendants violated the law and this does not meet the pleading standards under FRCP Rule 8 as set forth in *Iqbal* and *Twombly*. *Iqbal, supra*, at 678.

### D. Plaintiff Has Failed To Allege Facts Sufficient To Support His Claim For Violation Of The California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

Plaintiff's Third Cause Of Action for violations of California's UCL fails for multiple reasons.

*First*, as Plaintiff's claim is based on Defendant's furnishing information to a credit reporting agency. This is conduct regulated by the FCRA and, as such, the state law claim is explicitly preempted by federal law. 15 U.S.C. § 1681t(b)(1)(F). The FCRA "preempts claims brought under California's [Section 17200] insofar as they relate to the responsibilities of furnishers of credit information." *Miller, supra*, 858 F.Supp.2d at 1124 [court dismissed the Section 17200 claim]; *see also Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1144 (N.D. Cal. 2005).

The FCRA (15 U.S.C. § 1681 et seq.), expressly preempts <u>all</u> state law requirements "with respect to subject matter regulated under [§ 1681s-2]" of the FCRA "relating to the responsibilities of

persons who furnish information to consumer credit reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).[2] Here, Plaintiff's UCL claim against Defendant is based entirely on Defendant's alleged furnishing or inaccurate information to the credit reporting agencies and failure to investigate a dispute when informed about the dispute by the credit reporting agencies. Plaintiff has incorporated his FRCA allegations into his UCL claim. (Complaint ¶¶ 58-65.) As such, all of these claims are completely preempted by the FCRA.

The FCRA states in relevant part: "No requirement or prohibition may be imposed under the laws of any State [] with respect to any subject matter regulated under [] section [§ 1681s-2] . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies. ..." 15 U.S.C. § 1681t(b)(1)(F).

Reporting inaccurate information and failure to properly investigate and correct disputed information is subject matter regulated by the federal FCRA. 15 U.S.C. § 1681s-2(a)(1)(A); 15 U.S.C. § 1681s-2(b).

15 U.S.C. § 1681s-2(a)(1)(A) prohibits furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." As this conduct is regulated by section 1681s-2 of the FCRA, Plaintiff's state law claims are preempted.

15 U.S.C. § 1681s-2(b) regulates the conduct of furnishers of information after receiving a dispute from a credit reporting agency including setting forth requirements in responding to those disputes, conducting investigations and updating the information. Such conduct is, thus, also regulated by section 1681-2 of the FCRA and Plaintiff's UCL claim based on such conduct is preempted.

In sum, Plaintiff's UCL claim is based on Defendant's furnishing of information to the credit reporting agencies and is regulated by 15 U.S.C. § 1681s-2. Thus, any state law claim based on such conduct is completely preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F); *Roybal v. Equifax* (E.D. Cal. 2005) 405 F.Supp.2d 1177, 1178 fn1, 1181 [finding state claims, including claims under the UCL

---

[2] The sole exception to this express preemption of state law claims is with respect to California law is Civil Code § 1785.25(a) which is specifically excepted from preemption. 15 U.S.C. § 1681t(b)(1)(F)(ii); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

are preempted]; *Wang v. Asset Acceptance, LLC* 681 F.Supp.2d 1143, 1150 (N.D. Cal. 2010) [Business & Professions Code § 17200 claim preempted]; *Howard v. Blue Ridge Bank,* 371 F.Supp.2d 1139, 1144 (N.D. Cal. 2005) [same].

The only exceptions to the express preemption provision under the FCRA are those set forth in the FCRA itself. *See* 15 U.S.C. § 1681t(b)(1)(F) (i) and (ii); *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 (9th Cir. 2009). The only California statute exempt from preemption is Civil Code § 1785.25(a). *Id.* The UCL is *not* exempted from preemption. *See* 15 U.S.C. § 1681t(b)(1)(F)(i) and *Roybal, supra,* 405 F.Supp.2d at 1178, Fn 1, 1181.

There is a line of cases, beginning with *Bottoni v. Sallie Mae,* 2011 WL 506473 (N.D. Cal. 2011), that hold UCL claims are not preempted if they are **solely** based on violations of Civil Code § 1785.25(a) because, in those instances, the UCL is not "imposing requirements" on furnishers of information and instead is merely an enforcement mechanism for Civil Code § 1785.25(a) which is specifically exempt from FCRA. *Id.* at 15. This reasoning is faulty in that the UCL plainly imposes its own requirements by prohibiting deceptive, fraudulent and unfair practices in addition to prohibiting unlawful practices. To say that the UCL is nothing more than an enforcement mechanism for Civil Code § 1785.25(a) seriously misunderstands the nature and scope of the UCL. Cases such as *Wang* and *Howard* cited above present a better view of FCRA preemption of the UCL.

***Second,*** even if it were not preempted, Plaintiff's UCL claim against Defendant fails because (as with the FCRA and CCRAA claim) his claim lacks the required factual basis. Defendant can only assume it is one of the alleged "creditors," when really it is a collection agency, but Plaintiff does not bother to specify. Plaintiff does not clarify whether the account was being reported as "open", "in collections" or "charged-off". As stated above, Plaintiff has failed to allege facts sufficient to constitute statutory violations of the FCRA and CCRAA. Therefore, Plaintiff lacks standing to bring such a claim and those allegations cannot satisfy the pleading requirements for a cause of action under Business and Professions Code §§ 17200 *et seq.*

***Third,*** a plaintiff has standing to sue under the UCL only if he has (1) "suffered injury in fact" and (2) "has lost money or property as a result of" the unfair practices he challenges. *See* Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 227 (2006).

Damages are not recoverable under Business and Professions Code §17200. *See Cortez v. Purolater Air Filtration Prod. Co.,* 23 Cal.4th 163, 173 (2000).

Here, Plaintiff fails to plead the loss of any money. Plaintiff attempts to plead an actual injury by claiming that he had an inability to properly reorganize under Chapter 7 (despite obtaining a discharge), and had a diminished credit score, but even if this can be deemed actual injury it does not satisfy the requirement that Plaintiff has actually lost money or property.[3] (Complaint ¶31.) Plaintiff does not even attempt to allege any such loss.

In short, Plaintiff's UCL claim fails for all the same reasons that his claims under the FCRA and CCRAA fail. Plaintiff's blanket assertions, utilizing vague terminology, against Defendant is insufficient. Plaintiff's Complaint does not meet the pleading requirements set forth in *Iqbal* and *Twombly* and accordingly, his complaint and each cause of action therein should be dismissed.

### E. Plaintiff Has Failed To Allege Facts That Would Entitle Him To Punitive Damages.

By way of his Complaint, Plaintiff claims an entitlement to an award of punitive damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31. (Complaint, p. 7:11-12.) However, Plaintiff is not entitled thereto and has not properly pled entitlement to an award of punitive damages under either the federal or state statute. *See e.g. Guarantee Real Estate v. Hanover Ins. Co.,* 2014 WL 5817536 (E.D. Cal. 2014) *5-6 [12(b)(6) is the appropriate vehicle to challenge a punitive damage claim].

Under 15 U.S.C. § 1681n(a)(2), a person who <u>willfully</u> violates the FCRA may also be responsible for punitive damages. 15 U.S.C. § 1681n(a)(2). Much like its federal counterpart, the CCRAA allows for punitive damages in the amount of $100 to $5,000 if the violation was <u>willful</u>. Cal. Civil Code § 1785.31(a)(2)(A)-(B).

---

[3] It appears that Plaintiff alleges that he suffered actual damages as a result of his attorneys' time in drafting this boilerplate complaint and reviewing the file. Attorneys' fees are not recoverable as a matter of right under California Business and Professions Code §§ 17200 *et seq. Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 179 (1999) ["Plaintiff may not receive damages, much less treble damages, or attorney's fees."].

Here, Plaintiff only conclusory alleges that DAS acted willfully in failing to comply with the FCRA and CCRAA. He does not explicate what conduct by DAS was willful. Rather, Plaintiff merely pleads that the DAS failed to conduct a reasonable investigation and failed to update his credit report by reporting that an incorrect account status, "and or listed the accounts as open, in collections, and or charged off rather than discharged in bankruptcy". (Complaint ¶23.) There is not one allegation in the first cause of action for violation of the FCRA which even mentions any alleged willful conduct by Defendant.

Additionally, Plaintiff's second cause of action for violation of the CCRAA only pleads a legal conclusion- *to wit* – the purported violation was "done knowingly, intentionally, and in reckless disregard" and that the alleged conduct was "willful". (Complaint ¶¶30-31.) But, these allegations are merely legal conclusions. Legal conclusions are not treated a true allegations for the determination of plausibility under the *Twombly/Iqbal* standards. *Iqbal, supra*, 556 U.S. at 678-679

Accordingly, as Plaintiff has failed to allege a willful violation of the FCRA and CCRAA, his claim for punitive damages thereunder must fail. Plaintiff has pled no facts, other than legal conclusions, which if taken as true, would entitle him to an award of punitive damages.

### F. Plaintiff Is Not Entitled To Civil Penalties Pursuant To California Business & Professions Code § 17206.

Plaintiff's "Prayer For Relief" sets forth several forms of relief requested, including, an "[A]ward $2,500 in civil penalties pursuant to California Business & Professions Code § 17206." (Complaint p. 7:13-14.) Such a request is improper as a matter of law.

Business and Professions Code § 17206 states as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, <u>which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General, by a district attorney, by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, by an city attorney of a city having a population in excess of $750,000, by and city attorney of any city and county, or with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor</u>, in any court of competent jurisdiction.

Cal. Bus. & Prof. Code § 17206(a). (Emphasis added.)

Private plaintiffs, as here, are <u>not</u> entitled to an award of civil penalties under UCL. *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002) ["In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'"]; *Flannery v. VW Credit, Inc.* 232 Cal.App.4th 606 (2014) [same].

Here, it is clear from the face of the Complaint that Plaintiff is bringing this claim on behalf of himself – an individual – not brought in the name of the people of California by any one of the governmental prosecutors listed above. Although Plaintiff alleges that he is bringing this action on behalf of the general public (Complaint ¶59), this is not enough. To be eligible for civil penalties under the UCL the claim must not only be "in the name of the people of the State of California" but <u>also</u> brought by one of the government officials listed in the statute. *See* Cal. Bus. & Prof. Code § 17206(a). As a private plaintiff, he is not entitled to civil penalties as a matter of law. The statutory language and case law is clear on that point. Cal. Bus. & Prof. Code § 17206(a); *Kasky, supra*, 27 Cal.4th at 950; *Flannery, supra*, 232 Cal.App.4th at 606.

Thus, as a matter of law, Plaintiff's claim that he is entitled to civil penalties pursuant to California Business & Professions Code § 17206 should be dismissed without leave to amend. *See, e.g., Guarantee Real Estate, supra.*, 2014 WL 5817536 at *5-6.

## V.  CONCLUSION

Plaintiff's Complaint is insufficient under federal pleading standards. It is not enough to allege bald violations of law. Plaintiff must actually and properly plead facts that, if accepted as true, could support the alleged violations. Clearly, Plaintiff has not done so here, and his Complaint and each and every claim therein, should be dismissed. Defendant requests that the Court dismiss each specific claim and statutory violation in the Complaint, as identified above. As Defendant did not violate the law, with respect to Plaintiff, Plaintiff need not be afforded additional attempts to plead his claims, as

////

////

////

////

they are fatally defective. Defendant respectfully requests that the dismissal of the Complaint, and its causes of action, be with prejudice.

Dated: March 24, 2016

                                    ELLIS LAW GROUP LLP

                                    By  */s/ Amanda N. Griffith*
                                         Amanda N. Griffith
                                         Attorney for Defendant
                                         DIVERSIFIED ADJUSTMENT SERVICE, INC.