UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK WATTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-04622-BLF<br><br>**ORDER GRANTING DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 33] |

　　　　For the reasons stated on the record at the hearing on July 7, 2016, and discussed herein, the unopposed motion to dismiss brought by Defendant Diversified Adjustment Service, Inc. ("Diversified") under Federal Rule of Civil Procedure 12(b)(6) is GRANTED WITH LEAVE TO AMEND.

　　　　Plaintiff asserts claims under (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a); and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

　　　　With respect Claim 1, asserted under the FCRA, Plaintiff "is required to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E)." *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. April 29, 2016). While Plaintiff alleges generally that he "seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their

inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy," Compl. ¶ 1, Plaintiff does not identify any particular debt that was reported by Diversified, let alone facts showing that the reporting of such debt was inaccurate, Compl. ¶¶ 5-9. Plaintiff alleges only that following his Chapter 7 discharge, he ordered his credit reports and "noticed a misleading and or inaccurate account status, and or listing of the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy." Compl. ¶¶ 5-6. Those allegations are inadequate to state a claim under the FCRA.

Diversified asks the Court to take judicial notice of Plaintiff's bankruptcy filings showing that at the time Plaintiff filed his Chapter 7 petition, the balance on his Diversified account was $0. *See* Def.'s Req. for Judicial Notice, ECF 33-1. Diversified argues that because Plaintiff did not owe Diversified a debt at the time he filed his petition, no such debt could have been discharged in the bankruptcy. Diversified's request for judicial notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). However, because the complaint is totally devoid of any factual allegations regarding Diversified's alleged inaccurate reporting, it is not clear that the Diversified account referenced in Plaintiff's bankruptcy filings is the same Diversified account upon which the present lawsuit is based. At the hearing on Diversified's motion, Plaintiff's counsel assured the Court that he would determine whether the accounts were are the same and would not continue to assert claims against Diversified if doing so would be frivolous.

With respect to Claim 2, asserted under the CCRA, the CCRA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Again, Plaintiff has neither identified what information Diversified provided to a consumer reporting agency nor alleged facts showing that any such information was incomplete or inaccurate.

With respect to Claim 3, asserted under the UCL, Plaintiff's counsel stated at the hearing that Plaintiff would omit that claim from any amended pleading.

Accordingly, IT IS HEREBY ORDERED that:

(1) Diversified's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2 and WITHOUT LEAVE TO AMEND as to Claim 3;

(2) Leave to amend is limited to the claims addressed in this order; Plaintiff may not add additional claims or parties without express leave of the Court; and

(3) Any amended pleading shall be filed on or before July 29, 2016.

Dated: July 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge