SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

|  |  |
|---|---|
| Jack Watts**,** <br><br>            Plaintiff, <br><br>      v. <br><br> Diversified Adjustment Service, Inc. and DOES 1 through 100 inclusive**,** <br><br>            Defendants. | CASE NO.: 5:15-CV-04622-BLF <br><br> Amended Complaint For Damages <br> 1.  Violation of Fair Credit Reporting Act; <br> 2.  Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff Jack Watts, an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1.   This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2.   Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

every paragraph above, fully set forth herein.

3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 7 bankruptcy protection on April 1, 2014 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 was discharged on July 14, 2014.

6.   On June 8, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting by Plaintiff's creditors.

7.   Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

8.   Defendant Diversified Adjustment Service, Inc. was reporting Plaintiff's account, beginning in 1131, as in collections and without noting that Plaintiff filed for chapter 7 bankruptcy.

9.   In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

10. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what was being reported.

11.   Defendant Diversified Adjustment Service, Inc. failed to conduct a reasonable investigation by not reviewing the CDIA on how to report an account once a bankruptcy has been filed, did not review Plaintiff's dispute, did not follow its own policies regarding how to report an account after a bankruptcy has been filed, and continued to report falsely to TransUnion, LLC misleading and inaccurate account information as identified above in Paragraphs 8.

12.   Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting

inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

13.   Alternatively, TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for TransUnion, LLC to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

14. On August 13, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure the accounts that were in dispute were being properly reported.

15.   Despite Plaintiff's dispute, Defendant failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all.

16.   Defendant continued to report Plaintiff's account as open and in collections and without indicating that Plaintiff filed for chapter 7 and subsequently received a chapter 7 discharge and did not conduct a reasonable investigation as indicated in paragraph 11.

17. Defendants failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

18. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

## FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Diversified Adjustment Service, Inc. – Reporting Inaccurate Information to TransUnion, LLC and Failure to Reinvestigate.**

19. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

20. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and

or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

21. Defendant Diversified Adjustment Service, Inc. violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's account.  .

22. Defendant Diversified Adjustment Service, Inc. (Account # 1131xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and open and without noting that Plaintiff had filed for bankruptcy.

23. Defendant re-reported to the bureaus the misleading and inaccurate information as seen in Plaintiff's reinvestigation reports and creditor report that was pulled after the disputes were sent. The reporting was inaccurate and misleading because one viewing the account could reasonably conclude that Plaintiff owed Defendant money and that the account was in collections rather than discharged in Plaintiff's chapter 7 bankruptcy.

24. The acts of Defendant as described above were done willfully and intentionally with reckless disregard for its duties under the FCRA.

25. As a direct and proximate result of Defendant's willful and intentionally inaccurate reporting, Plaintiff has suffered actual damages including but not limited to an inability to receive a fresh start from his bankruptcy discharge, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, cost of pulling credit reports, and such further expenses in an amount to be determined and proven at trial.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Diversified Adjustment Service, Inc. – Reporting Inaccurate Information to TransUnion, LLC.**

26. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

27.  Defendant Diversified Adjustment Service, Inc. intentionally and knowingly reported misleading and inaccurate account information to TransUnion, LLC.

28.  Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 8 and 22 to TransUnion, LLC in violation of California Civil Code § 1785.25(a).

29. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

30. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, the discharge order, and results of its investigation should have provided notice to Defendants of its misleading and inaccurate reporting.

31. Defendant failed to notify TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

32. Defendants' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

33. As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

34. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

e.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

Dated: July 28, 2016                  By:          **SAGARIA LAW, P.C.**

_/s/ Elliot Gale, Esq._
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of this matter by jury.

Dated: July 28, 2016                               **SAGARIA LAW, P.C.**
_/s/ Elliot Gale, Esq._
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff