Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislagrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant,
DIVERSIFIED ADJUSTMENT SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| JACK WATTS,<br><br>       Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; DIVERSIFIED ADJUSTMENT SERVICE, INC. and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.: 5:15-cv-04622 BLF<br><br>**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>DATE:     October 6, 2016<br>TIME:     2:00 p.m.<br>CRTRM:   3, 5th Floor<br>BEFORE HON BETH L. FREEMAN |

**NOTICE OF MOTION**

TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October 6, 2016 at 2:00 p.m., in Courtroom 3, 5th Floor, in the above entitled Court located at 280 South First Street, San Jose, California, Defendant Diversified Adjustment Service, Inc. will, and hereby does, move this Court for an order dismissing each and every claim or cause of action pled in Plaintiff Jack Watts' Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the grounds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to Defendant Diversified Adjustment Service, Inc. and the alleged statutory violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit

- 1 -

Reporting Agencies Act ("CCRAA"). Additionally, Plaintiff's prayer for punitive/statutory damages is not sufficiently supported by any factual allegations.

## REQUEST FOR RELIEF

Defendant Diversified Adjustment Service, Inc. ("DAS") hereby requests that this Court dismiss Plaintiff Jack Watts' Amended Complaint against it, and each and every claim therein, with prejudice, as the Complaint fails to state a viable claim against DAS.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

By of this Motion to Dismiss, DAS seeks dismissal of Plaintiff Jack Watts' Amended Complaint with prejudice. Despite failing to oppose DAS' previous motion to dismiss, this Court graciously granted Plaintiff an opportunity to re-plead his claims. This Court even gave Plaintiff specific instructions that, in order to survive a subsequent motion to dismiss any amended complaint (such as this one), Plaintiff must plead that the account Plaintiff alleges that DAS failed to accurately report as "subject to" and "discharged in bankruptcy" was _actually_ subject to Plaintiff's discharge order. Plaintiff has utterly failed.

### II.  ALLEGATIONS IN THE AMENDED COMPLAINT

This is Plaintiff's second attempt at properly pleading claims against DAS for purported violations of the FCRA and CCRAA. Plaintiff's Amended Complaint (much like his original) contains the same fatal flaw – _to wit_ – Plaintiff has not alleged that the at-issue account which DAS is reporting to the credit reporting agencies is subject to his bankruptcy discharge. This is despite this Court's direct instruction to Plaintiff, at the previous hearing on DAS' first motion to dismiss, to correct this pleading deficiency.[1]

In fact, a comparison of the allegations as pled in the original complaint and the amended complaint reveal that no new facts have been alleged. Rather, Plaintiff has removed conclusory statements that the debt being reported was "misleading and or inaccurate account status, and or listing of the accounts as open, in collections, and or charged off rather than discharged in Bankruptcy"

---

[1] Plaintiff did not oppose DAS' previous motion to dismiss.

- 2 -

(Original Complaint ¶ 6) and replaced said allegations with the account was being reported "as in collections and without noting that Plaintiff filed for Chapter 7 bankruptcy." (Amended Complaint ¶ 8; *see also* Amended Complaint ¶ 16 ["Defendant continued to report Plaintiff's account as open and in collections and without indicating that Plaintiff filed for Chapter 7 and subsequently received a chapter 7 discharge…"]. ) These allegations presuppose that the account DAS is reporting was subject to Plaintiff's Chapter 7 bankruptcy discharge.

The "factual" allegations as pled in the Amended Complaint to support Plaintiff's FCRA and CCRAA claims (including his claims for damages for purported willful violations) are as follows:

- Plaintiff filed for Chapter 7 bankruptcy protection on April 1, 2014 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 7 was discharged in July 14, 2014. (Amended Complaint ¶5.);

- On June 8, 2015, Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting by Plaintiff's creditors (*Id.* at ¶ 6.);

- Plaintiff noticed several trade lines all reporting misleading and inaccurate account information. (*Id.* at 7.);

- Defendant Diversified Adjustment Services, Inc. was reporting Plaintiff's account, beginning in 1131, as in collections and without noting that Plaintiff had filed for Chapter 7 bankruptcy. (*Id.* at ¶8.);

- In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed the inaccurate trade lines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. (*Id.* at ¶9.);

- Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that Plaintiff was disputing the accuracy of what was being reported. (*Id.* at ¶10.);

- Defendant Diversified Adjustment Services, Inc. failed to conduct a reasonable investigation by not reviewing the CDIA on how to report an account once a bankruptcy has been filed, did not review Plaintiff's dispute, did not follow its own policies regarding how to report an account after a bankruptcy has been filed, and continued to report falsely to TransUnion, LLC misleading and inaccurate information as identified in paragraph 8. (*Id.* at ¶11.);

- Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, the creditor willfully and negligently failed to

- 3 -

DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT

comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).[2] (*Id.* at ¶ 12.);

- On August 13, 2015, Plaintiff ordered a second three bureau credit report from Equifax, Inc. to ensure the accounts that were in dispute were being properly reported. (*Id.* at ¶14.);

- Despite Plaintiff's dispute, Defendant[3] failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all. (*Id.* at ¶ 15.); and,

- Defendant[4] continued to report Plaintiff's account as open and in collections and without indicating that Plaintiff filed for chapter 7 and subsequently received a chapter 7 discharge and did not conduct a reasonable investigation as indicated in paragraph 11. (*Id.* at ¶ 16.).

### III. LEGAL STANDARD FOR A MOTION TO DISMISS, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6).

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). For purposes of Rule 12(b)(6), "claim" means a set of facts that, if established, entitle the pleader to relief. *Twombly, supra,* 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal, supra,* 556 U.S. at 678 (citations omitted).

When evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving

---

[2] This allegation in-and-of-itself is problematic. First, it is nothing more than an "an unadorned, the-defendant-unlawfully-harmed-me-accusation" that cannot be taken as true under the *Iqbal/Twombly* pleading standard. Plaintiff pleads no <u>actual facts</u> to show that DAS acted willfully. (The *Iqbal/Twombly* pleading standard is further discussed *infra*.) Second, 15 U.S.C. §§ 1681(n) and 1681(o) do not regulate the credit furnisher's duty to investigate a dispute; those sections merely lay-out the liability for the failure to comply with the FCRA. Notably, 15 U.S.C. § 1681(o) only allows recovery of actual damages. Plaintiff has not pled that he suffered actual cognizable damages as a result of DAS' purported failures with the exception of his attorneys' efforts in investigating his alleged claims and bringing this action.

[3] Plaintiff fails to allege which of the two defendants failed to "correct the misleading and inaccurate statements". (Amended Complaint ¶ 15.)

[4] Which defendant?

- 4 -

party. *Barron v. Reich,* 13 F.3d 1370, 1374 (9th Cir. 1994). The court is not required, however, to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal, supra,* 556 U.S. at 678.

*Iqbal* and *Twombly* contemplate a two-step analysis to determine whether a complaint has been pled sufficiently to overcome a motion to dismiss. First, bare legal conclusions are not accepted as true for purposes of the complaint's sufficiency. *Iqbal, supra,* 556 U.S. at 678-679 (citing *Twombly, supra,* 550 U.S. at 555). Second, the court reviews the factual allegations to determine if they plausibly suggest entitlement to relief. *Iqbal, supra,* 556 U.S. at 678-81 (analyzing *Twombly*). As noted by the Supreme Court in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'

*Id.* at 678 (citations omitted).

Thus, to satisfy the pleading standards articulated in *Iqbal* and *Twombly*, Plaintiff's factual allegations must sufficiently state a claim for relief for his alleged violation of the FCRA and CCRAA. Plaintiff must also allege sufficient facts that would entitle him to an award of punitive/statutory damages (15 U.S.C. § 1692n and Cal. Civil Code § 1785.31). *Iqbal, supra,* 556 U.S. at 678. As discussed herein, Plaintiff has not and cannot meet this burden.

## IV.  DISCUSSION

### A.  Plaintiff Has Failed To Allege That The Debt Was Subject To And Discharged In His Bankruptcy.

In exactly the same fashion as his original complaint, Plaintiff's Amended Complaint hinges on the allegation that DAS misleading and/or inaccurately reported the account status, and or listed the account as open and/or in collections <u>rather than discharged in Bankruptcy</u>. (*Cf* Original Complaint ¶¶

9, 23, 26 and Amended Complaint ¶¶ 8, 16, 22, 28.) But, Plaintiff's Complaint is missing a key allegation – *to wit* – the trade line (account) that DAS is reporting was actually subject to and discharged in Plaintiff's Bankruptcy.

The Bankruptcy Code defines "debt" as a liability on a claim. 11 U.S.C. §101(12). A "claim" is defined as a "right to payment". 11 U.S.C. § 101(5)(A). Pursuant to Plaintiff's discharge order, his debts were discharged <u>"if the debt existed on the date the bankruptcy case was filed."</u> (Request for Judicial Notice ("RJN"), No. 2: Plaintiff's Discharge Order.)  It then follows that, in order for an account to be subject to Plaintiff's bankruptcy discharge, the creditor (here allegedly, DAS) must have had a right to payment from Plaintiff that existed on the date Plaintiff filed his bankruptcy. Why? Because Plaintiff's discharge order only discharged "debts" that existed at the time of Plaintiff's bankruptcy filing and a debt is considered a right to payment. *See* 11 U.S.C. §§ 101(5)(A) and 101(12).

Analogously, the Bankruptcy Code defines "creditor" as an "entity that has a <u>claim</u> against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) (emphasis added).  When read in conjunction with 15 U.S.C. § 101(5)(A) (definition of claim), a "creditor" is "an entity that has a right to payment against the debtor that arose at the time of or before the order fort relief concerning the debtor." *Cf.* 11 U.S.C. § 101(5)(A) and 11 U.S.C. § 101(10)(A). It then becomes clear that in order for DAS to have been a creditor of Plaintiff's and the account subject to Plaintiff's discharge order, a right to payment in DAS' favor and against Plaintiff would have to exist at the time of Plaintiff's bankruptcy filing. But this is not the case here.

Plaintiff's Voluntary Petition - Schedule F states, under penalty of perjury, that Plaintiff owed DAS $0.00 at the time he filed his bankruptcy. (RJN No. 1: Plaintiff's Schedule F.) Accordingly, DAS had no right to payment from Plaintiff.  DAS was not Plaintiff's creditor. *See* 11 U.S.C. § 101(10)(A). DAS did not have a claim against Plaintiff. *See* 11 U.S.C. § 101(5)(A). Plaintiff did not owe DAS a debt as defined by the Bankruptcy Code and for which would have been subject to his discharge order. *See* 11 U.S.C. § 11 U.S.C. § 101(12)(A).

**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

It appears that Plaintiff and his bankruptcy counsel (the same law firm as here) simply went down Plaintiff's credit report and listed every account whether it was due and owing or not in Plaintiff's Schedule F in an effort to "re-organize and repair" Plaintiff's credit. (Amended Complaint ¶ 5.) But, Plaintiff cannot unilaterally subject DAS to his discharge order by merely listing it as a creditor. Again, in order to be a creditor, DAS must have had a right to payment at the time Plaintiff filed his bankruptcy. As Plaintiff admits under penalty of perjury, DAS had no right to payment at that time.

Thus, despite Plaintiff's allegations to the contrary, the account reported by DAS should not be reporting as "subject to" and/or "discharged in bankruptcy" because the account was not a "debt" at the time Plaintiff filed his Voluntary Petition. DAS was not an actual "creditor" as defined by the Bankruptcy Code. The at-issue account was not subject to Plaintiff's discharge order. Consequently, as Plaintiff's two causes of action for purported violations of the FCRA and CCRAA are based on this false premise, his entire Amended Complaint must fail.

### B.  Plaintiff Has Failed To Allege Facts That Would Entitle Him To An Award of Punitive Damages.

Again, in similar fashion to his original complaint, by way of his operative Amended Complaint, Plaintiff claims an entitlement to punitive (statutory) damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31. (Amended Complaint p. 5:25-26.) However, Plaintiff is not entitled thereto and has not properly pled entitlement to an award of punitive damages under either the federal or state statute. *See e.g. Guarantee Real Estate v. Hanover Ins. Co.*, 2014 WL 5817536 *5-6 (E.D. Cal. 2014) [12(b)(6) is the appropriate vehicle to challenge a punitive damage claim].

Under 15 U.S.C. § 1681n(a)(2), a person who <u>willfully</u> violates the FCRA may also be responsible for punitive damages. 15 U.S.C. § 1681n(a)(2). Much like its federal counterpart, the CCRAA allows for punitive damages in the amount of $100 to $5,000 if the violation was <u>willful</u>. Cal. Civil Code § 1785.31(a)(2)(A)-(B).

Here, Plaintiff only conclusory alleges that DAS acted willfully in failing to comply with the FCRA and CCRAA. He does not explicate what conduct by DAS was willful. Rather, all allegations

- 7 -

related to DAS' purported willful conduct are alleged as mere legal conclusions. For example, Plaintiff alleges that "Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently, failed to comply with its duty to investigate Plaintiff's dispute...". (Amended Complaint ¶ 12.) Besides failing to identify what defendant this allegations pertains to, Plaintiff also fails to allege any actual facts related to why the unidentified defendant alleged conduct was knowing and in reckless disregard for Plaintiff's rights.

Plaintiff has pled no actual facts which, if taken as true, would plausibly show that DAS acted willfully in purportedly violating the FCRA and CCRAA. In light of the fact that the at-issue account is not even subject to Plaintiff's bankruptcy discharge order, DAS could not have willfully failed to take some action which was never required of it in the first place.

In short, as Plaintiff has failed to allege a willful violation of the FCRA and CCRAA, his claim for punitive damages thereunder must fail. Plaintiff has pled no facts, other than legal conclusions which would entitle him to an award of punitive/statutory damages under the federal statute or its state counterpart.

## V.   CONCLUSION

Pursuant to the foregoing, Plaintiff's Amended Complaint should be dismissed with prejudice as Plaintiff has failed to allege the most basic of allegations – that the account that DAS was reporting to TransUnion was subject to his bankruptcy discharge. If the at-issue account was not subject to Plaintiff's bankruptcy discharge (and it was not) DAS had no obligation to update the credit report to show that the account was "subject to" or "discharged in" bankruptcy.  This undercuts the entire premise of Plaintiff's Amended Complaint and each cause of action alleged therein against DAS.

Plaintiff has already had the opportunity to amend his complaint and, despite express instruction from this Court to plead actual facts that the account was subject to his bankruptcy discharge order, failed. Plaintiff has admitted under penalty of perjury that the account DAS was reporting is not a debt as defined by the Bankruptcy Code nor was DAS a creditor as defined

thereunder. Plaintiff did not even bother to oppose DAS' previous motion to dismiss. Any granting of leave to amend, at this point, would be futile.

Dated:  August 11, 2016                ELLIS LAW GROUP LLP

                                       By  /s/ Amanda N. Griffith
                                           Amanda N. Griffith
                                           Attorney for Defendant
                                           DIVERSIFIED ADJUSTMENT SERVICES, INC.

- 9 -

**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**