SCOTT J. SAGARIA (SBN 217981)
ELLIOT W. GALE (SBN 263326)
JOE ANGELO (SBN 268542)
**SAGARIA LAW, P.C.**
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
408-279-2288 ph: 408-279-2299 fax

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JACK WATTS, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS INC..; et. al., <br><br> Defendants. | Case No.: 5:15-cv 04622-0-BLF <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE INC'S, MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE <br><br> Date:  October 6, 2016 <br> Time:  2:00 pm <br> Room:  3, 5th Floor <br> Place:  San Jose Federal Court <br>         280 S. 1st Street <br>         San Jose, California 95113 |

Jack Watts (hereinafter "Plaintiff"), by and through his attorney's of record, Sagaria Law, P.C. hereby submits his opposition to Diversified Adjustment Service Inc.'s (hereinafter "Defendant") motion to dismiss Plaintiff's complaint under 12(b)(6) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

Plaintiff filed an amended complaint against the above captioned defendants on July 28, 2016. In his complaint, Plaintiff alleged that the named defendant violated both the Fair Credit

Reporting Act (hereinafter "FCRA) and the California Consumer Credit Reporting Agencies Act (hereinafter "CCCRA").

The substance of Plaintiff's claims arose due to a review of his credit report. Plaintiff noticed that defendant was not correctly updating the reporting on his credit report after entry of a Court Order discharging him under chapter 7 of the Bankruptcy Code. Plaintiff filed for chapter 7 protection on April 1, 2014 and subsequently received a discharge.

Defendant moves to dismiss Plaintiff's amended complaint on the grounds that it does not state a claim upon which relief can be granted under Federal Rule of Civil Procedure (hereinafter "FRCP") 12(b)(6). For the reasons set out below Plaintiff respectfully disagrees.

## ARGMENT

The FCRA and CCCRAA prohibit credit furnishers from reporting inaccurate information. Here, Defendant inaccurately continues to report an account as if Plaintiff owes Defendant money. Defendant's motion, however, goes to great lengths to illustrate that it is **not** a creditor of Plaintiff i.e. that Plaintiff does not owe Defendant any money. In so doing, Defendant ironically ignores that it is being sued because the account at issue appears to suggest Plaintiff owes Defendant money. Thus, Defendant's motion should be denied. If, however, this Court finds Plaintiff's facts as pled to be insufficient, Plaintiff should be given another opportunity to amend for the reasons set forth below. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

### A. Plaintiff Meets the Standard Under F.R.C.P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) the court must dismiss a complaint if it fails to state a claim upon which relief may be granted. A complaint must give faire notice of the claim being asserted and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition to providing fair notice, the plaintiff must allege "enough facts to state a claim to relief." Id. At 570. Allegations amounting to a mere possibility the defendant has acted unlawfully fall short of the pleading standards required by Rule 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009). Nor are "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Finally, the allegations must be

plausible: the plaintiff must allege facts that "raise a right to relief above the speculative level." Id.

Although the court, in deciding whether the plaintiff has stated a claim, must take the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor, the court is not required to accept "merely conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences" as true. *St. Claire v. Gilead Sciences, Inc.*, 536 F. 3d 1049, 1055 (9th Cir. 2008); *see also Iqbal*, 129 S. Ct. at 1949-5

### i. Plaintiff First Cause of Action Sufficiently States a Claim for a Violation of the Fair Credit Reporting Act Based on Defendant's Unreasonable Investigation and Continued Inaccurate Reporting to Experian, Equifax, and TransUnion

Congress enacted the FCRA in 1970 to "ensure fair and accurate credit reporting to the maximum extent possible to protect the creditworthiness and reputation of every consumer . . . ." *See* 15 U.S.C. § 1681(b). To guarantee that credit reports are accurate, the FCRA imposes certain duties on the sources that provide credit information to CRA's, called "furnishers" in the statute.[1] *Gorman v. Wolpoff & Abramson LLP.*, 584 F.3d 1147, 1153 (9th Cir. 2009).

A furnisher must refrain from reporting information that it knows or has reasonable cause to believe is inaccurate. 15 U.S.C. § 1681s-2(a)(1). Moreover, when a furnisher receives notice of a consumer dispute from a CRA concerning the accuracy of any credit item, the furnisher must reasonably investigate the dispute and, if necessary, correct any past misreporting. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). Although § 1681s-2(a) is not privately enforceable, a furnisher's failure to comply with its statutory duties under § 1681s-2(b) renders it liable to the consumer for damages. *Drew v. Equifax Info. Servs., LLC.*, 690 F.3d 1110, 1119 (9th Cir. 2012).

### a. The FCRA Prohibits Reporting Inaccurate or Misleading Information on a Debt Included in a Bankruptcy Petition

The FCRA's prohibition against inaccurate reporting extends to information that is technically inaccurate or "materially misleading." *Gorman*, 584 F.3d at 1163. Information is technically inaccurate if the inaccuracy appears "on its face." *Drew*, 690 F.3d at 1108. Likewise, information is materially misleading if "it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 ("Reports . . . that mislead their readers are neither

---

[1] Consumer reporting agencies include Experian Information Solutions, Inc. Trans Union, LLC., and Equifax Information Services, LLC. *Mouton v. AmeriCredit Fin. Servs.*, NO. C 04-02485 JW, 2005 U.S. Dist. LEXIS 32185, at *3 fn. 3 (N.D. Cal. June 28, 2005).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE - 3

maximally accurate nor fair to the consumer."). As described in greater detail below, the FCRA's prohibition extends to the reporting of derogatory credit information on debt included in bankruptcy. The FCRA requires that furnishers reports to consumer reporting agencies be complete, as well as accurate. *Montgomery v. Wells Fargo* 12 U.S. Dist. Lexis 162912 at 7. Here, Plaintiff takes issue with how Defendant is reporting the account. As pled in the amended complaint, Defendant is reporting Plaintiff's account as "open" and in "collections" without indicating Plaintiff filed Chapter 7.

> i. The Information is Inaccurate and Misleading Because it Suggests Plaintiff Still Owes Defendant Money

In *Gorman*, the court held that although a furnisher had accurately reported an account as "delinquent," the furnisher could still be held liable under the FCRA if the report is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, at 1163. In *Montgomery*, the court determined that a failure to report a bankruptcy may lead to an adverse decision being made due to the report not being entirely accurate, or rather that the credit report is not complete.

Section 1681s-2(a)(3) of the FCRA, states a "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." While this provision is not privately enforceable, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a separate cognizable FCRA claim under § 1681s–2(b). *Gorman*, 584 F.3d at 1154, 1161.

Similarly here, Plaintiff alleges Defendant re-reported Plaintiffs account as open and in collections as if Defendant still had a right to payment. Rather than addressing this well pled fact, Defendant makes an attenuated argument that Plaintiff's schedule F is dispositive that Defendant can not be a creditor of Plaintiff. Consequently, Defendant argues the discharge does not apply to its "account." In support of this legal conclusion, Defendant cites no case law and Plaintiff's counsel is unaware of any case that has ever suggested that a bankruptcy "claim" is void because a $0.00 was listed on schedule F. All of the aforementioned, however, is moot. Defendant has admitted in its motion that Plaintiff owes Defendant no money and Plaintiff's complaint as pled

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE - 4

suggests the account is in an active collection status. Thus under either theory the reporting as pled is inaccurate.[2]

<u>Plaintiff's Second Cause of Action Adequately States a Claim for a Violation of California Consumer Credit Reporting Agencies Act § 1785.25(a)</u>

The CCCRA prohibits furnishers from reporting incomplete or inaccurate information to a credit reporting agency if the party knows or has reason to know that the information is inaccurate. Cal. Civ. Code § 1785.25(a). In a marked departure from the FCRA, private parties may enforce violations of § 1785.25(a). Cal. Civ. Code §1785.31; *Gorman*, 584 F.3d at 1171. To succeed, Plaintiff need only allege that Defendant furnished inaccurate information with either knowledge of the inaccuracy or at least reason to know that the information was inaccurate. *Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal. July 17, 2012).

Here, as noted above Defendant continues to report the account at issue as open and in collections despite Defendant admitting it is owed $0.00. This is technically inaccurate and obviously misleading. Plaintiff has properly pled that such reporting was intentional and done knowingly. Consequently, Plaintiff has properly pled his CCCRA claim. Defendant's motion should therefore be denied.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this court deny Defendant's motion to dismiss under F.R.C.P. 12(b)(6) on the grounds that the complaint is specific as to which allegations and causes of action apply to Defendant and because the complaint states claims upon which relief can be granted. Alternatively, if the court grants Defendant's motion to

---

[2] Plaintiff is more than willing to plead "in the alternative" in an amended complaint that Defendant was owed $0.00 and despite this still continues to report the account as open and in collections. Defendant's entire motion appears to be premised on the notion that something in the report indicates the account is not collectable. This is not true and Plaintiff has specifically not pled any facts to suggest otherwise.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE - 5

dismiss, Plaintiff requests that the dismissal be without prejudice and that Plaintiff is allowed leave to file an amended complaint.

Dated:   August 25, 2016

**Sagaria Law, P.C.**
/s/ *Elliot Gale*
Elliot Gale
Attorneys for Plaintiff