UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK WATTS,<br><br>                     Plaintiff,<br><br>          v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.,<br><br>                     Defendant. | Case No.  15-cv-04622-BLF<br><br>**ORDER GRANTING DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[RE: ECF 44] |

Defendant Diversified Adjustment Service, Inc. ("Diversified") moves to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated on the record at the hearing on October 6, 2016 and discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

**I.     BACKGROUND**

Plaintiff has filed a First Amended Complaint ("FAC") containing allegations arising from an inaccuracy in his credit reports. Plaintiff alleges that he filed for Chapter 7 bankruptcy protection in January 2015 and his Chapter 7 bankruptcy was discharged in May 2015. In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Plaintiff claims that the credit reporting agencies notified Diversified of the inaccuracies, but Diversified failed to perform a reasonable investigation, review Plaintiff's dispute, follow its own policies regarding reporting an account after bankruptcy has been filed, or correct the inaccuracies reported to TransUnion, LLC. Plaintiff asserts claims under (1) the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; and (2) the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.   Leave to Amend

Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15...[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith,...[and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.   DISCUSSION

### A. Plaintiff Fails to State a Claim to Relief That is Plausible On Its Face

Plaintiff's FAC fails to meet the pleading requirements. As discussed in more detail below, Claim 1 and Claim 2 fail because Plaintiff does not plead a theory for which it can obtain relief under FCRA or CCRA on the face of the pleadings.

#### 1.   Claim 1

Claim 1 is asserted under the FCRA, which is titled "Responsibilities of furnishers of information to consumer reporting agencies." 15 U.S.C. § 1681s-2(b). The FCRA provides a private right of action under § 1681s-2(b) against a person who furnishes information to a credit reporting agency but fails to take certain steps when informed of a dispute regarding the completeness or accuracy of such information. *See id.* at 1060; *Littleton v. Experian Info. Sols.*,

*Inc.*, No. 15-cv-01619-EJD, 2015 WL 4638308, at *1 (N.D. Cal. Aug. 4, 2015). A plaintiff asserting a claim under § 1681s-2(b) must allege what information the defendant furnished to the credit reporting agency and why that information was incomplete or inaccurate. *See Littleton*, 2015 WL 4638308, at *2.

Claim 1 of Plaintiff's FAC alleges that "Defendant Diversified Adjustment Service, Inc. (Account # 1131xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 7 filing and discharge, that the account was in collections and open and without noting that Plaintiff had filed for bankruptcy." FAC ¶ 22. Plaintiff asserts that the reporting was inaccurate and misleading because "one viewing the account could reasonably conclude that Plaintiff owed [Diversified] money and that the account was in collections rather than discharged in Plaintiff's [C]hapter 7 bankruptcy." FAC ¶ 23.

Plaintiff's bankruptcy filings show that at the time Plaintiff filed his Chapter 7 petition, the balance on his Diversified account was $0. *See* Order Granting Def.'s Mot. to Dismiss Compl., ECF 41; *see also*, Def.'s Req. for Judicial Notice, ECF 33-1. Because Plaintiff did not owe Diversified a debt at the time he filed his petition, no such debt could have been discharged in the bankruptcy. Thus, it appears that Diversified had no duty to disclose that "Plaintiff had filed for Bankruptcy" in its reporting of Plaintiff's account. As such, Plaintiff has not plausibly alleged a claim for relief. At the hearing on this Motion, Plaintiff conceded the inadequacy of his claims and requested leave to amend consistent with the allegations described in his opposition brief.

In his Opposition to Diversified's Motion to Dismiss, Plaintiff now asserts that Diversified's reporting of Plaintiff's account was misleading because "Plaintiff owes Defendant no money and Plaintiff's complaint as pled suggests the account is in an active collection status." *See* Pl.'s Opp'n, p. 4-5. Or as stated elsewhere in Plaintiff's Opposition: "The [i]nformation is [i]Inaccurate and [m]isleading [b]ecause it [s]uggests Plaintiff [s]till [o]wes Defendant [m]oney." *See id*, p. 4.

When assessing whether a plaintiff has met his pleading burden, the Court is confined to the facts plead in the operative complaint. *See Iqbal*, 556 U.S. at 678 (affirming the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

3

on its face"). In this case, Plaintiff has alleged one theory in the FAC, and another theory in his briefing. *See, e.g.,* Pl.'s Opp'n, p. 4. The Court can consider this new theory only in relation to whether leave to amend will be granted.

### 2. Claim 2

Claim 2 is asserted under § 1785.25(a) of the CCRA, which provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

Plaintiff pleads that "Defendant […] intentionally and knowingly reported misleading and inaccurate account information to TransUnion, LLC." Plaintiff "realleges and incorporates" the same allegations listed in Claim 1. FAC ¶ 26. At the hearing on this motion, Plaintiff also conceded this claim was inadequately pled and requested leave to amend.

For the reasons discussed above regarding Claim 1, Claim 2 fails because Plaintiff has not alleged facts sufficient to show incomplete or inaccurate reporting.

### B. The Court Grants Plaintiff Leave to Amend

Plaintiff concedes the insufficiency of his FAC and requests another opportunity to amend. In considering whether leave to amend should be granted, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Eminence Capital,* 316 F.3d at 1051–52 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the record does not reflect any undue delay or bad faith. Plaintiff has not repeatedly failed to cure the deficiencies in his pleadings as he has been given only one such opportunity to date. This case is in an early stage, so amendment will not impose undue prejudice on Diversified. Finally, it is not apparent that Plaintiff's proposed amendment would be futile.

Accordingly, Defendant Diversified's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2.

4

IV. **ORDER**

    (1)    Defendant Diversified's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2;

    (2)    Leave to amend is limited to the claims alleged in the FAC; Plaintiff may not add additional claims or parties without express leave of the Court; and

    (3)    Any amended pleading shall be filed on or before November 3, 2016.

**IT IS SO ORDERED.**

Dated: October 14, 2016

_____
BETH LABSON FREEMAN
United States District Judge